# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-733V
### Filed: June 29, 2018

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| LORA THOMAS, * | |
| * | |
| Petitioner, * | |
| v. * | |
| * | Dismissal; Insufficient Proof of Causation; |
| SECRETARY OF HEALTH * | Influenza ("Flu") Vaccination; SIRVA |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * | |

*Edward M. Kraus, Esq.*, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
*Ann D. Martin, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION DISMISSING THE PETITION[1]

**Roth**, Special Master:

      On June 22, 2016, Lora Thomas ("Ms. Thomas" or "petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act" or "the Program"). Petitioner alleges that the seasonal influenza vaccine she received on September 13, 2013, caused her to suffer from pain, limited range of motion, and weakness in her right shoulder and upper arm. Petition, ECF No. 1. On June 6, 2018, the undersigned issued a Ruling on Onset, finding that the petitioner's symptoms of right shoulder pain began around January 10, 2013. ECF No. 33. On June 28, 2018, petitioner filed a Motion for a decision

---

[1]     Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2]     National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

dismissing her petition.  ECF No. 34.

Under the Vaccine Act, a petitioner may prevail in one of two ways.  First, a petitioner may demonstrate that he suffered a "Table" injury—i.e., an injury listed on the Vaccine Injury Table that occurred within the time period provided in the Table.  § 11(c)(1)(C)(i).  "In such a case, causation is presumed."  *Capizzano v. Sec'y of Health & Human Servs.*, 440 F.3d 1317, 1320 (Fed. Cir. 2006); *see* § 13(a)(1)(B).  Second, where the alleged injury is not listed in the Vaccine Injury Table, a petitioner may demonstrate that he suffered an "off-Table" injury.  § 11(c)(1)(C)(ii).  An "off-Table" claim requires that the petitioner "prove by a preponderance of the evidence that the vaccine at issue caused the injury."  *Capizzano*, 440 F.3d at 1320; *see* § 11(c)(1)(C)(ii)(II).  A petitioner need not show that the vaccination was the sole cause, or even the predominant cause, of the alleged injury; showing that the vaccination was a "substantial factor" and a "but for" cause of the injury is sufficient for recovery.  *Pafford v. Sec'y of Health & Human Servs.*, 451 F.3d 1352, 1355 (Fed. Cir. 2006); *Shyface v. Sec'y of Health & Human Servs.*, 165 F.3d 1344, 1352 (Fed. Cir. 1999).  In addition, the Vaccine Act requires petitioners to show by preponderant evidence that the "residual effects or complications" of the alleged vaccine-related injury lasted for more than six months.  § 11(c)(1)(D)(i).

In this case, petitioner does not allege an injury listed on the Vaccine Injury Table; thus, petitioner's claim is classified as "off-Table," which requires that she "prove by a preponderance of the evidence that the vaccine at issue caused the injury."  *Capizzano*, 440 F.3d at 1320.  "[T]o show causation under the preponderance of the evidence standard," a petitioner "must proffer trustworthy testimony from experts who can find support for their theories in medical literature."  *LaLonde v. Sec'y of Health & Human Servs.*, 746 F.3d 1334, 1341 (Fed. Cir. 2014); *see also Althen*, 418 F.3d at 1278 (explaining that a petitioner's claim must be "supported by 'reputable medical or scientific explanation,' *i.e.*, 'evidence in the form of scientific studies or expert medical testimony'" (citation and alteration omitted)); *Shyface*, 165 F.3d at 1351 ("[E]vidence in the form of scientific studies or expert medical testimony is necessary to demonstrate causation." (citation and emphasis omitted)).

Upon careful evaluation of all of the evidence submitted in this matter, the undersigned concludes that petitioner has not shown by preponderant evidence that she is entitled to compensation under the Vaccine Act.  Petitioner has failed to offer evidence showing that the vaccination she received on September 13, 2013, caused his alleged injuries.  **The petition is therefore DISMISSED.  The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

*s/ Mindy Michaels Roth*
Mindy Michaels Roth
Special Master
