# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-733V
Filed: November 20, 2018

* * * * * * * * * * * * *
| | |
|---|---|
| LORA THOMAS, | |
| | UNPUBLISHED |
| Petitioner, | |
| v. | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * *

*Edward Kraus, Esq.*, Law Offices of Chicago Kent, Chicago, IL, for Petitioner.
*Ann Martin, Esq.*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On June 22, 2016, Lora Thomas ("Ms. Thomas" or "Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the seasonal influenza vaccine she received on September 13, 2013, caused her to suffer from pain, limited range of motion, and weakness in her right shoulder and upper arm. Petition, ECF No. 1. On June 8, 2017, the undersigned held a fact hearing in this matter, and on June 6, 2018, the undersigned issued her Ruling on Onset. ECF No. 33. Thereafter, on June 28,

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

2018, Petitioner filed a Motion for a decision dismissing her petition. ECF No. 34. The undersigned issued her Decision dismissing the petition on June 29, 2018. ECF No. 35.

On September 20, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 39 ("Fees App."). Petitioner requested total attorneys' fees and costs in the amount of $39,811.62 (representing $37,091.05 in attorneys' fees and $2,720.57 in costs). Fees App at 1. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. *Id.* Respondent responded to the motion on October 3, 2018, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 40). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.    Legal Framework**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although Petitioner was not successful in pursuing her claim, the undersigned finds that both elements have been met. First, the undersigned does not doubt that Petitioner brought her claim in a good-faith belief that her vaccination played a causal role in her injury. Additionally, the claim possessed sufficient objective support to meet the second half of the reasonable basis test, and Respondent has not challenged the reasonable basis of the claim. Accordingly, a final award of attorneys' fees and costs is proper.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

**II.    Discussion**

### a. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

For the work of her attorneys, Petitioner requests the following rates of compensation: for Mr. Edward Kraus, $375.00 per hour for work performed in 2015, $389.00 per hour for work performed in 2016, $398.00 per hour for work performed in 2017, and $409.00 per hour for work performed in 2018; for Ms. Amy Kraus, $318.00 per hour for work performed in 2017, and $327.00 per hour for work performed in 2018; for Ms. Tara O'Mahoney, $275.00 per hour for work performed in 2016, and $281.00 per hour for work performed in 2017. Fees App. Ex. A. at 1-6. Petitioner also requests that paralegals be compensated at a rate of $110.00 per hour for work performed in 2015-2016, $125.00 per hour for work performed in 2017, and $145.00 per hour for work performed in 2018. *Id.* These amounts are consistent with what the undersigned, and other special masters, have awarded Chicago Kent attorneys in previous cases. *See Friedel v. Sec'y of Health & Human Servs.*, No. 16-471V, 2017 WL 2926632 (Fed. Cl. Spec. Mstr. June 13, 2017); *Reilly v. Sec'y of Health & Human Servs.*, No. 09-489V, 2018 WL 4390496 (Fed. Cl. Spec. Mstr. July 30, 2018); *Balek v. Sec'y of Health & Human Servs.*, No. 15-750V, 2018 WL 4623167 (Fed. Cl. Spec. Mstr. July 25, 2018). Accordingly, no adjustment to the requested rates is required.

### b. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health &*

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015–2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited September 8, 2017); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-ForumRate-Fee-Schedule2017.pdf (last visited September 8, 2017).

*Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the undersigned finds the billing entries to be largely reasonable, with only two entries requiring small adjustments. The first entry is on 7/13/2016, when Ms. O'Mahoney billed at her full attorney rate to "File Status Report," a task which is considered to be a paralegal task. Fees App. Ex. A at 3. The record as a whole shows that Ms. O'Mahoney has billed for other paralegal tasks at a reduced rate – for example, on 10/31/2016, for requesting medical records she billed at only $125.00 per hour. *Id.* Accordingly, the undersigned will reduce Ms. O'Mahoney's hourly rate to $125.00 per hour for filing the status report, resulting in a reduction of **$15.00**. The second entry is on 1/6/2017, when Ms. O'Mahoney billed 0.2 hours for filing an affidavit, when all other entries for filing documents were billed for only 0.1 hours. *Id.* at 4. In the undersigned's experience, filing documents should not take longer than 0.1 hours – accordingly, the award of fees must be reduced by **$14.50**. Overall, Petitioner is entitled to an award of attorneys' fees in the amount of **$37,061.55**.

### c. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,720.57 in costs. The undersigned has reviewed the requested costs for reasonableness and finds all of the requested amounts reasonable and supported by adequate documentation. Accordingly, Petitioner is entitled to attorneys' costs in the amount of **$2,720.57**.

## III. Conclusion

Based on the foregoing, the undersigned **awards the total of $39,782.12**, representing $37,061.55 in attorneys' fees, and $2,720.57 in costs, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Edward Kraus, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master